# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| KELLY M., | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 2:19-CV-149-JVB |
| | ) |
| ANDREW SAUL, Commissioner of the | ) |
| Social Security Administration, | ) |
|     Defendant. | ) |

## OPINION AND ORDER

Plaintiff Kelly M. seeks judicial review of the Social Security Commissioner's decision denying her disability benefits and asks this Court to remand the case. For the reasons below, this Court remands the Administrative Law Judge's decision.

## PROCEDURAL BACKGROUND

Plaintiff applied for disability insurance benefits under Title II. In her application, Plaintiff alleged that she became disabled on November 15, 2014. (AR 16). After a hearing in 2018, the Administrative Law Judge (ALJ) found that Plaintiff suffered from the severe impairments of degenerative disc disease, anxiety, and bipolar disorder. (AR 18). The ALJ also found that Plaintiff suffered from the nonsevere impairments of hip pain and morbid obesity. (AR 18-19). The ALJ found that Plaintiff is capable of performing her past work as a truck driver as she most recently performed it (light work). (AR 25-26). The ALJ also found that Plaintiff is capable of performing jobs in the national economy, such as microfilm document preparer, ampoule sealer, and stuffer. Therefore, the ALJ found her to be not disabled from November 15, 2014, through the date of the decision. (AR 27). This decision became final when the Appeals Council denied Plaintiff's request for review. (AR 1).

## STANDARD OF REVIEW

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## DISABILITY STANDARD

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) Whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether [she] can perform [her] past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012). The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

## ANALYSIS

Plaintiff contends that the ALJ committed seven reversible errors: the ALJ erred in relying on the medical opinions of state consultants, the ALJ failed to consider Plaintiff's need for a cane in considering her RFC, the ALJ erred in failing to consider Plaintiff's need for naps during the day, the ALJ erred by concluding Plaintiff could bend or stoop occasionally when she had limited forward lumbar flexion, the ALJ erred in failing to consider how her obesity affected her other

2

impairments and limitations, the ALJ incorrectly assessed Plaintiff's mental RFC, and the ALJ erred in considering Plaintiff's subjective symptoms.

## A. RFC Determination

Plaintiff asserts that the ALJ erred in assessing her RFC in multiple ways. At step four of the sequential evaluation, an ALJ must assess a claimant's RFC. *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004) ("The RFC is an assessment of what work-related activities the claimant can perform despite her limitations."); *see also* 20 C.F.R. § 404.1545(a)(1). In evaluating a claimant's RFC, an ALJ is expected to take into consideration all of the relevant evidence, including both medical and non-medical evidence. *See* 20 C.F.R. § 404.1545(a)(3). According to the regulations:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies of ambiguities in the evidence in the case record were considered and resolved.

SSR 96-8p, 1996 SSR LEXIS 5, at *19, 1996 WL 374184, at *7. Although an ALJ is not required to discuss every piece of evidence, he must consider all of the evidence that is relevant to the disability determination and provide enough analysis in his decision to permit meaningful judicial review. *Clifford v. Apfel*, 227 F.3d 863, 870 (7th Cir. 2000); *Young*, 362 F.3d at 1002. In other words, the ALJ must build an "accurate and logical bridge from the evidence to his conclusion." *Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002). The ALJ must also consider the combination of impairments, as the impairments in combination "might well be totally disabling" even if the impairments alone may not be serious. *Martinez v. Astrue*, 630 F.3d 693, 698 (7th Cir. 2011).

3

*1. Lumbar Flexion*

Plaintiff asserts that the ALJ improperly found that Plaintiff could occasionally stoop and bend when the medical evidence provides that she can only achieve 20 to 30 degrees of forward lumbar flexion. The ALJ relied on the state agency medical opinions in finding that Plaintiff could stoop and bend occasionally. (AR 21, 24). The medical records show multiple instances where Plaintiff had between 20 and 30 degrees of forward lumbar flexion or a restricted range of motion in flexion. (AR 382, 432, 434, 516, 519, 522, 525). Plaintiff reported pain while bending, and she stated that she can only squat to pick things up due to an inability to bend. (AR 396, 432, 517). Plaintiff's treating physician, Dr. Shingo Yano, opined that Plaintiff could never balance, stoop, kneel, crouch, or crawl. (AR 536).

The Seventh Circuit has found that a claimant with only 50 degrees of lumbar flexion could not stoop or crouch for one-third of an eight-hour workday. *Thomas v. Colvin*, 534 Fed. Appx 546, 551 (7th Cir. 2013). The Seventh Circuit has also found that a claimant with 40 degrees of lumbar flexion could not stoop occasionally, as stooping occasionally requires bending at the waist for up to a third of an eight-hour day. *Golembiewski v. Barnhart*, 322 F.3d 912, 917 (7th Cir. 2003). The ALJ here erred in finding that Plaintiff could stoop for one-third of an eight hour work day without addressing the multiple reports that stated Plaintiff only had between 20 and 30 degrees of lumbar flexion. The evidence shows that Plaintiff was incapable of bending at the waist to a degree that would allow stooping for up to a third of the workday. The ALJ has not explained the discrepancies between the RFC and the magnitude of medical evidence showing that Plaintiff has limited lumbar flexion. This error requires remand, as Plaintiff would need to bend at the waist occasionally in order to perform light work as the ALJ described in the RFC. *See Lauer v. Apfel*, 169 F.3d 489, 492 (7th Cir. 1999).

2. *Walking Assistive Device*

Plaintiff asserts that the ALJ fatally erred in failing to consider her need for a cane to balance. Plaintiff testified at the hearing that she required a cane to balance and to get around outside of the home. (AR 46, 48). She also testified that although her doctor did not prescribe it, her doctor has mentioned her need for a cane. (AR 46). The ALJ made only one mention of Plaintiff's use of a cane in his decision. The ALJ stated that "[t]he claimant had a cane during the hearing, which she testified had not been prescribed." (AR 22). Plaintiff's use of her cane and why she required it was not discussed anywhere else in the ALJ's decision. Plaintiff asserts that the failure to discuss her need for a cane was in error.

While the ALJ does not need to discuss every piece of evidence in the record, he must address the evidence that does not support his conclusion and fully explain why he has rejected that evidence. *Indoranto v. Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004); *see also O'Connor-Spinner v. Astrue*, 627 F.3d 614, 621 (7th Cir. 2010); *Golembiewski v. Barnhart*, 322 F.3d 912, 917 (7th Cir. 2003). Plaintiff did not use a cane at her Consultative Examinations in September 2016, but she required assistance for walking five minutes. (AR 523). Plaintiff also has a history of falls, the most recent possibly damaging her spinal cord stimulator, which her treating physician has stated she requires to ambulate effectively. (AR 43, 48-49, 535).

While Plaintiff's doctors did not discuss her need for a cane, Plaintiff's history of falls combined with her reported more recent use of a cane for balance requires that the ALJ at least discuss her use of a cane. The Commissioner improperly argued that nothing in the medical record suggested Plaintiff needed any assistive devices to walk, including a cane. The Commissioner also argues that Plaintiff's doctor did not prescribe the cane or any other assistive device, and that a friend suggested she use the cane. These statements are a mischaracterization of the record in many

5

ways. The record includes multiple references to Plaintiff's need for her spinal cord stimulator, which is an assistive device making it possible for her to ambulate effectively. (AR 535). Moreover, Plaintiff did testify that her doctor did not prescribe the cane, and that a friend had suggested it. However, Plaintiff also testified that a doctor mentioned it to her as well. (AR 48). More importantly, the ALJ did not discuss any of this in his decision. "The error in this case, however, is not that the medical evidence *required* the ALJ to find that [Plaintiff] needed a cane to stand and walk, but that the ALJ failed to consider the issue at all, leaving us without a finding to review." *Thomas v. Colvin*, 534 Fed. Appx. 546, 550 (7th Cir. 2013).

### B. Other Issues

Plaintiff also raises additional issues regarding the physical limitations in the RFC, subjective symptoms and the mental limitations in the RFC. Because the ALJ failed to properly discuss and analyze Plaintiff's inability to stoop or her alleged need for a cane for balance, remand is appropriate. Proper analysis and discussion of these areas of the physical RFC may alter the hypotheticals provided to the VE and the ALJ's ultimate decision. In the interest of judicial economy, no further discussion of these issues is warranted.

### CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the relief requested in Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security [DE 11], **REVERSES** the decision of the Commissioner of Social Security, and **REMANDS** this matter to the agency for further administrative proceedings.

SO ORDERED on March 31, 2020.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT